UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES BOSTIC and COREY MULLINS<br>    Plaintiffs,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS, ET AL.<br>    Defendants. | 3 06 1088<br><br>(GENERAL DOCKET No. 3:06-MC-0111)<br>No.<br>Judge Echols |

## MEMORANDUM

The plaintiffs, proceeding *pro se*, are inmates at the Rutherford County Correctional Work Center in Murfreesboro, Tennessee. They bring this action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, a health care provider at the Correctional Work Center; and Brooke Anderson, presumably a nurse employed by Southern Health Partners; seeking injunctive relief and damages.

Each plaintiff states that he has had a need for health care while at the Correctional Work Center. Each plaintiff alleges that the defendant, Brooke Anderson, denied them adequate care for their medical needs and withheld prescribed medication from them.

This action is being brought against Brooke Anderson in her official capacity only. As such, the plaintiffs are suing this defendant's official office rather than the individual defendant herself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The defendant, Southern Health Partners, is an entity contracted by Rutherford County to provide health care for inmates at its correctional

facilities. In essence, then, the plaintiffs' claims are against Rutherford County, the municipal entity that operates the Correctional Work Center. See Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent, the Rutherford County Sheriff's Department. Monell v. New York City Dept. of Soc. Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy, statement, regulation, decision or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The plaintiffs have offered nothing to suggest that their rights were violated pursuant to a policy, decision or regulation of Rutherford County that required a denial of adequate medical care. Consequently, the plaintiffs have failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Robert L. Echols
United States District Judge