UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES BOSTIC and<br>COREY MULLINS<br>    Plaintiffs,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS,<br>ET AL.<br>    Defendants. | 3 06 1088<br><br>(GENERAL DOCKET<br>No. 3:06-MC-0111)<br>No._____<br>Judge Echols |

O R D E R

The Court has before it a *pro se* prisoner complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis from each plaintiff.[1]

It appears from the applications that the plaintiffs lack sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

Each plaintiff is herewith assessed one half (½) of the civil filing fee of $350.00 ($175.00). Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999). Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B),

---

[1] The plaintiffs originally submitted a joint application to proceed in forma pauperis which did not comply with Administrative Order No. 93. By an Order (Docket Entry No. 1) entered September 25, 2006, the plaintiffs were instructed to file separate applications that did conform to the requirements of the Administrative Order. Charles Bostic has submitted a new application (Docket Entry No. 2) that meets the requirements of Administrative Order No. 93. Corey Mullins has not. In order to address the claims in the complaint in as speedy a manner as possible, the Court now construes the originally filed joint application as one filed solely by Corey Mullins. See Rule 5(e), Fed. R. Civ. P. ("The Clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.").

the custodian of the plaintiffs' inmate trust accounts at the institution where they now reside is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiffs' inmate trust accounts; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiffs' inmate trust accounts for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiffs' preceding monthly income (or income credited to the plaintiffs' trust accounts for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until each plaintiff has paid his share of the filing fee to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the plaintiffs have failed to state a claim upon which relief can be granted. The complaint, therefore, is hereby DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2).

Because plaintiffs' complaint fails to state a claim upon which relief can be granted, an appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). Therefore, the plaintiffs are NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiffs decide to file a notice of appeal, they must either pay the Clerk of Court the full appellate

filing fee of four hundred fifty five dollars ($455.00) or submit new applications to proceed in forma pauperis with certified copies of their inmate trust account statements for the previous six-month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this Order to the Sheriff of Rutherford County to ensure that the custodian of plaintiffs' inmate trust accounts complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

*[Signature]*
Robert L. Echols
United States District Judge